IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deborah Hunt,                                              Case No.: 3:06CV2044

        Plaintiff,

    v.                                                      ORDER

Big Lots Stores, Inc., et al.

        Defendants.


        This is a case about overtime wages. Plaintiff Deborah Hunt sued her employer, Big Lots

Stores, Inc., and its parent company, Big Lots, Inc. [collectively, Big Lots], alleging she was not

compensated for overtime work as required by the federal Fair Labor Standards Act, 29 U.S.C. §201

*et seq.*, and a similar Ohio statute, O.R.C. §4111.01 *et seq.*[overtime statutes].[1] Hunt's complaint

also asserts causes of action for fraud (based on alleged concealment of the statutory violations) and

civil conspiracy to violate the statutes.

        Pending is a motion by Big Lots for summary judgment. For the following reasons, the

motion will be granted with regard to the fraud and conspiracy claims and denied with regard to the

overtime claims.

**Background**

        Big Lots operates over a thousand retail stores selling "closeout merchandise." Big Lots

began its furniture division in 1995, and the company has used two separate business models to sell

---

[1]

For purposes of this opinion, the applicable legal standards under both statutes are deemed
equivalent.

furniture. In some cases, Big Lots operates freestanding stores selling only furniture. In other cases, Big Lots utilizes a "furniture department" within a larger, general merchandise store.

When Hunt began working for Big Lots at its Marion, Ohio, store in 1995 her job title was "Furniture Department Manager." That store also sold general merchandise. After leaving the company for another job for a few months, Hunt returned and was rehired into the same position.

Hunt's job title remained the same until September, 2003, when Big Lots changed her title to "Furniture Sales Manager" and converted the position from salaried to hourly pay. This made her eligible for overtime pay.

Before this change in title and conversion from salaried to hourly compensation, Big Lots had previously classified Hunt as exempt from the requirements of the overtime statutes. As of the September, 2003, conversion, Big Lots reclassified Hunt as "non-exempt," which entitled her to overtime pay under those statutes. Hunt remains employed at the Marion store as its "Furniture Sales Manager."

In this suit, Hunt claims that she should have been paid overtime compensation before the September, 2003, conversion. Big Lots contends that it properly classified Hunt as exempt under the overtime statutes; it also disputes Hunt's claims of fraud and conspiracy.

Hunt originally sued in the Common Pleas Court of Marion County, Ohio, asserting claims for overtime pay under the Ohio statute, fraud, and conspiracy. The state court granted defendants' motion for summary judgment on Hunt's claims for fraud and civil conspiracy, but denied the motion as to violation of the Ohio overtime statute.

Wishing to challenge the denial based on new precedent from the Ohio Supreme Court,[2] Big Lots sought leave to refile its motion for summary judgment. After leave was granted, Hunt amended her complaint and added a claim for violation of the federal overtime statute. Big Lots then removed the case to this court.

## Discussion

### 1. Overtime Statutes: Hunt's Affidavit

With regard to Hunt's claims under the overtime statutes, the defendants contend that the affidavit submitted with her opposition to their motion is materially inconsistent with her answers in a deposition taken by defendants' attorney. Hunt contends that no such inconsistencies exist, and that any variance reflects clarification on her part of her deposition answers.

If Hunt's affidavit is considered, the motion for summary judgment must be overruled as to the overtime claims, as genuine issues of material fact exist, in light of the affidavit, as to those claims.[3]

Hunt's affidavit includes the following statements, which defendants claim differ from her deposition testimony: 1) "I regard sales as my 'Primary Duty' when I'm on the job."; 2) she did not have the keys or the security code to open the store where she worked; 3) she could not hire or terminate employees without the approval of others; 4) she did not maintain personnel files or

---

[2]

In particular, Big Lots hoped that, based on the Ohio Supreme Court's decision in *Byrd v. Smith*, 110 Ohio St. 3d 24, 30 (2006), the state court would reverse its decision to consider an affidavit from Hunt for summary judgment purposes.

[3]

At issue in this case is whether Hunt's job duties, as her job title suggested [and still suggests], were prior to September, 2003, primarily managerial and/or supervisory, or whether any managerial duties are simply incidental to her primary work for Big Lots, which the defendants claim is selling furniture, as well as whether she supervises two or more employees.

paperwork; 5) she was never the most senior person in the store during the shifts that she worked; 6) she spends less than twenty percent of her time performing managerial functions. Big Lots argues that the state court decision on summary judgment found Hunt's affidavit to contradict other evidence in the record.

Hunt responds by arguing that the affidavit "merely supports," rather than contradicts, her earlier testimony. She also contends that testimony from two defense witnesses, Tina Napier and Jerry Tackett, also supports her affidavit, and their testimony would in any event create a genuine issue of material fact such that summary judgment is inappropriate.

As I have previously noted in *K & D Distributors, Ltd. v. Aston Group (Michigan), Inc.*, 225 F.R.D. 550, 551-52 (N.D. Ohio 2005), a party, once examined at length at deposition, cannot thereafter generate a genuine issue of material fact with an affidavit that contradicts her prior sworn testimony. *See also Aerel, SRL v. PCC Airfoils, LLC,* 448 F.3d 899, 908-09 (6th Cir. 2006); *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). Allowing such practice would undercut the purpose of summary judgment motions and permit parties to conjure up facts to prolong their cases. *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984).

Big Lots has, however, failed to show how Hunt's affidavit contradicts her earlier testimony. Instead, defendants point to several pieces of evidence, including Hunt's testimony, showing that she performed various managerial tasks and had responsibilities one might associate with a manager. Defendants then list a series of statements from Hunt's affidavit. Defendants ultimately fail to show how specific statements in her affidavit contradict specific statements in her earlier testimony.

Furthermore, after reviewing the affidavit and reading the entirety of Hunt's deposition, no direct contradiction of the sort at issue is apparent.

The case thus differs, for example, from *Niemi v. NHK Spring Co., Ltd.*, 481 F. Supp. 2d 869, 872 (N.D. Ohio 2007), which I recently decided. In that case, the plaintiff stated in one deposition that he believed a contract to have perpetual duration. In a later deposition he stated that he believed the contract had a fixed duration.

Here, in contrast, the statements that Big Lots claims are inconsistent are not in conflict with plaintiff's earlier deposition testimony. Many of Hunt's statements in her prior testimony support those in her affidavit. Rather than being contradictory, Hunt's affidavit supplements her answers on deposition.

This is appropriate, as her attorney, as he was entitled to do, declined to question her after defendants' counsel had completed his interrogation at the deposition.

Because the affidavit is properly before me, and creates genuine issues of fact about the nature of her duties, the defendants' motion for summary judgment as to Hunt's overtime claims shall be overruled.

### 2. Fraud and Civil Conspiracy Claims

Hunt also asserts that genuine issues of material fact exist as to her fraud and conspiracy claims. Big Lots points out that those issues were fully briefed before the state court, which ruled against Hunt as to those claims. Defendants therefore argue that the law of the case should prevent this court from revisiting those prior rulings.

Hunt makes no argument that new evidence has come to light since the state court's prior ruling or that new circumstances somehow necessitate a reconsideration of the state court's prior order.

5

I will not revisit the ruling of the state court regarding plaintiff's claims for fraud and civil conspiracy, and I hereby adopt its analysis and conclusions relating to those issues. Defendants will accordingly be awarded summary judgment on the fraud and civil conspiracy claims.

### 3. Good Faith

Although defendants never raised the issue in their original motion, defendants argue in their reply brief that they are entitled to summary judgment based on their good faith. Citing 29 C.F.R. §541.119 and 29 U.S.C. §259(a), Big Lots argues that it is immune from liability if it proves that its actions were in good faith. Defendants point to evidence displaying their good faith, and argue that none of plaintiff's evidence tends to contradict Big Lots' good faith.

The defendants have waived that contention with regard to their pending motion for summary judgment. As stated in *Irwin Seating Co. v. International Business Machines Corp.*, 2007 WL 518866, *2 (W.D. Mich.):

> the Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived. *See United States v. Lopez-Medina*, 461 F.3d 724, 743 (6th Cir. 2006) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (deeming arguments that are not raised in the appellant's main brief, or raised merely in a perfunctory manner, as waived)); *see also Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 676 (6th Cir. 2006) (a district court properly declines to consider an issue raised for the first time in a reply brief) (citing, *Sundberg v. Keller Ladder*, 189 F.Supp.2d 671, 682-83 (E.D.Mich. 2002) (noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time" ) (citation omitted)).

Big Lots failed to raise its "good faith" argument in its opening brief. I decline to consider those arguments, and deem them waived for purposes of defendants' motion for summary judgment.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT

6

1. Big Lots' motion for summary judgment, and the same is hereby granted with respect to Hunt's claims for fraud and civil conspiracy; and

2. Big Lots' motion for summary judgment, and the same is hereby denied with respect to Hunt's claims under the Ohio Minimum Fair Wage Standards Act, O.R.C. §4111.01 *et seq.*; and the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
