IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deborah Hunt,                               Case No. 3:06 CV 2044

        Plaintiff,               MEMORANDUM OPINION
                                  AND ORDER

-vs-
                                  JUDGE JACK ZOUHARY
Big Lots Stores, Inc., et al.,

        Defendants.

       This matter is before the Court of Defendants' Bill of Costs (Doc. No. 59) and its supporting Memorandum (Doc. No. 60). Plaintiff filed an Opposition (Doc. No. 62) and Defendants replied (Doc. No. 63).

       Plaintiff was employed by Defendants as a Furniture Department Manager. Plaintiff claimed Defendants improperly categorized her job as a management position and failed to properly pay her overtime under Ohio and federal law. A jury trial commenced on August 14, 2007, and a verdict was rendered in favor of Defendants on August 16, 2007.

       Defendants request that costs be awarded fees for: (1) the clerk; (2) service of summons; (3) document duplication; (4) witnesses; (5) depositions; and (6) daily trial transcript.

**DISCUSSION**

       Federal Civil Rule 54(d) states in pertinent part: "costs other than attorneys' fees shall be allowed as of course to the prevailing party." The Sixth Circuit has confined the costs that may be

awarded to those itemized in 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441 (1987)). Section 1920 provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;
>
> 4. Fees for exemplification and copies of paper necessarily obtained for use in the case.

### Fees of the Clerk

Fees of the clerk may be taxed by the Court. See § 1920(1). These fees include both the initial filing fee, as well as fees for removal of a case to federal court. *See Terry v. Allstate Ins. Co.*, No. Civ. S-05-2261, 2007 WL 3231716, at *2 (E.D. Cal. Nov. 1, 2007). Plaintiff originally filed this case in state court, and Defendants removed it to this Court. The Court finds the costs for removal to be taxable and awards Defendants $350.

### Fees for Service of Summons

Fees of the marshal, or those individuals acting in the same capacity of the U.S. Marshal by serving subpoenas, may be taxed by the Court. *See Arrambide v. Wal-Mart Stores, Inc.*, 33 Fed. Appx. 199, 203 (6th Cir. 2002). However, these private process server fees may not exceed the United States Marshal's fees. *Id.* at 203. Defendants documented costs for service of summons on Eric Elerick and Charles Kidder for $195 and $55 respectively. Plaintiff has not challenged these costs as excessive and the Court awards $250.

**Fees for Document Duplication**

Costs for copying expenses may be awarded when the copies were furnished to opposing counsel or the court. See 28 U.S.C. § 1920(4); *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F. Supp. 953, 961 (N.D. Ohio 1988). Defendants' duplication costs were $226 for trial exhibits submitted to the Court and Plaintiff. Plaintiff concedes Defendants are entitled to reasonable photocopy costs, and the Court awards $226.

**Fees for Witnesses**

The fees and disbursements for witnesses may be taxed by the Court. *See* 28 U.S.C. § 1920(3). Witness costs include a travel allowance and an attendance fee of $40 per day. *See* 28 U.S.C. § 1821. Defendants seek reimbursement for witness fees for Erick Elerick, a non-party witness, in the amount of $123.52, including $40 for attendance and $83.52 for travel costs. Plaintiff has not specifically objected to these costs, and the Court awards $123.52.

**Fees Related to Depositions**

Section 1920(2) allows costs for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Transcripts of depositions and related deposition fees are included under § 1920(2) when used during trial. *See BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Fees for postage, including shipping and handling charges, are overhead and are not taxable under § 1920(2). *See Elabiad v. Trans-West Exp., LLC*, No. 3:03CV7452, 2006 WL 1866137, at *2 (N.D. Ohio June 30, 2006).

Defendants are entitled to costs for the taking of the depositions and a copy of the transcript for the following individuals:

3

| | |
|---|---|
| Hunt: | $ 1,354.75 |
| Kidder: | $ 309.25 |
| Elerick: | $ 677.50 |
| Richardson: | $ 224.00 |
| Moore: | $ 131.15 |
| Guest: | $ 150.40 |
| Unger: | $ 185.00 |
| Bell: | $ 150.40 |
| Waite: | $ 166.85 |
| Napier: | $ 151.30 |
| Tackett: | $ 76.50 |

Defendants' total taxable cost related to depositions is $3,577.10 and the Court awards that sum.

**Fees for a Daily Trial Transcript**

Although § 1920 allows the Court to award costs of court reporter fees for a transcript, these fees are limited to those transcripts that are "necessarily obtained for use in the case." *See White & White, Inc. v. Am. Hosp. Supply Corp.,* 786 F.2d 728, 729 (6th Cir. 1984) (upholding the denial of costs for the daily trial transcript as unnecessary despite the fact the trial took 80 days and included testimony from 43 witnesses). The daily trial transcript was not necessary for the case, and these costs are not taxed to Plaintiff.

## CONCLUSION

Defendants' Motion for Taxing of Costs is GRANTED in part and DENIED in part. Defendants are awarded total costs in the amount of $4,526.62.

IT IS SO ORDERED.

   s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 16, 2007